IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

COUNTRYWIDE HOME LOANS, INC., )      CIVIL NO. 06-00250 JMS-LEK
                              )
          Plaintiff,          )
                              )
      vs.                     )
                              )
CHURCH OF HAWAI`I NEI, ET     )
AL.,                          )
                              )
          Defendants.         )
_____ )


**FINDINGS AND RECOMMENDATION REGARDING
PLAINTIFF'S MOTION TO REMAND CASE**

        On May 26, 2006, Plaintiff Countrywide Home Loans, Inc.

("Countrywide") filed its Motion to Remand Case ("Motion").

United States District Judge J. Michael Seabright referred the

Motion to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and

Rule LR72.4 of the Local Rules of Practice of the United States

District Court for the District of Hawai`i ("Local Rules") on

May 26, 2006.  The Court finds this matter suitable for

disposition without a hearing pursuant to Local Rule LR7.2(d).

Upon careful consideration of the Motion, supporting and opposing

memoranda, and relevant legal authority, this Court HEREBY FINDS

and RECOMMENDS that Countrywide's Motion be GRANTED IN PART AND

DENIED IN PART for the reasons below.

## BACKGROUND

On February 22, 2006, Countrywide filed the instant
mortgage foreclosure action in the Circuit Court of the First
Circuit against Defendants Church of Hawaii Nei ("Hawaii Nei"),
Walter Robert Schoettle, and the City and County of Honolulu
("the City").  The property at issue is located at 59-254
Kamehameha Highway, Haleiwa, Hawaii ("the Property").  On or
about August 4, 1997, the former owner of the Property,
Kamuela Price (also known as Samuel Hubert Price), executed a
promissory note for $231,000.00, secured by a mortgage on the
Property.  On or about March 19, 1998, Mr. Price conveyed the
Property to Hawaii Nei and Mr. Schoettle (collectively,
"Defendant Owners"), subject to Countrywide's mortgage.
Mr. Price, however, failed to obtain Countrywide's consent to the
conveyance, as required by the terms of the mortgage.  [Complaint
at ¶¶ 3-5.]

Defendant Owners' uses of the Property have violated
local zoning codes and Defendant City and County of Honolulu
("the City") has assessed numerous fines against them for the
violations.  Countrywide points out that the City failed to
record notice of the civil fines and penalties in the Bureau of
Conveyances, as required by state and local law.  At the time

2

Countrywide filed the Complaint, the amount of the outstanding fines, penalties, and delinquent real property taxes was $450,339.12.  The City contends that its interest is senior to Countrywide's mortgage interest and the City gave notice that it intended to conduct a tax sale of the Property on May 11, 2006. Countrywide argues that Defendant Owners defaulted on the mortgage because the impending tax sale of the Property materially impairs Countrywide's security interest.  [Id. at ¶¶ 6-7.]

Countrywide exercised its option to accelerate the mortgage loan based on the unauthorized conveyance and the default based on the civil fines and penalties.  The Complaint alleges that Defendant Owners therefore owed $215,310.81 as of January 31, 2006, plus per diem interest in the amount of $55.6056 per day thereafter, and other charges described in the loan documents.  [Id. at ¶ 8.]  The Complaint seeks, inter alia, foreclosure of the mortgage, sale of the Property, and a finding that the City's interest in the Property is subordinate to Countrywide's mortgage loan.  [Id. at ¶¶ 10, 12.]

On May 5, 2006, Hawaii Nei removed the case to Federal Court.  The Notice of Removal argued that there is federal jurisdiction based on 28 U.S.C. § 1331 because the action

3

involved violations of religious freedom and 42 U.S.C. § 1983.
The only document Hawaii Nei attached to the Notice of Removal
was the Complaint.

Countrywide filed the instant Motion on May 26, 2006.
First, Countrywide argued that removal was improper because the
Notice of Removal was untimely.  Countrywide served Hawaii Nei
with the Complaint on April 3, 2006.  [Exh. 2 to Motion.]  Hawaii
Nei failed to file the Notice of Removal within the thirty-day
period established in 28 U.S.C. § 1446(b).  Countrywide also
argued that the Federal Court should remand the case because
neither of the other two defendants consented to the removal, as
required by § 1446(a).  Finally, Countrywide argued that the
Notice of Removal failed to allege any specific facts
establishing either federal question jurisdiction or a civil
rights violation.[1]

The City filed a joinder in the Motion on May 30, 2006.
The City also pointed out that Hawaii Nei had not filed an
answer, counter-claim, or cross-claim against the City alleging
that the civil penalties or real property tax assessments were

---

[1] Countrywide argued that Hawaii Nei's failure to articulate
a factual basis for removal constitutes a violation of Rule 11 of
the Federal Rules of Civil Procedure.  A motion for Rule 11
sanctions, however, must be filed separately from other motions.
See Fed. R. Civ. P. 11(c)(1)(A).  This Court therefore will not
whether Hawaii Nei or its counsel violated Rule 11.

improper.  Further, even if Hawaii Nei did so, the Federal Court would not have jurisdiction to hear the claim because Hawaii Nei did not exhaust its administrative remedies.

Hawaii Nei filed its memorandum in opposition on June 5, 2006.  Hawaii Nei argued that it was entitled to injunctive relief because the City's civil penalties and threatened tax sale infringe upon Hawaii Nei's right to the free exercise of religion, in violation of § 1983 and the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, *et seq.*[2]  Hawaii Nei argued that the City is arbitrarily and capriciously trying to prohibit Hawaii Nei from conducting church fund-raising activities on the Property.  Hawaii Nei also argued that the City is discriminating against it based on race and that the City is trying to dispossess "Native Hawaiian Tribal land owners of fee simple property" and that the City denied Hawaii Nei conditional use variances that it granted for other non-Hawaiian commercial activities in the area.

Mr. Schoettle filed a position statement on June 9, 2006.  He pointed out that the Notice of Removal did not state what statute Hawaii Nei based the removal on and that

---

[2] On June 16, 2006, Hawaii Nei filed a motion for temporary restraining order and injunctive relief, raising similar arguments to those he raises here.

Countrywide's Motion assumed that Hawaii Nei based removal on § 1446.  Mr. Schoettle noted that Hawaii Nei could have based removal upon 28 U.S.C. § 1443(1), which does not have a thirty-day time limit.

Pursuant to this Court's inclination, issued on June 19, 2006, Countrywide did not file a reply memorandum.

**DISCUSSION**

## I.   Removal under § 1441

Hawaii Nei's Notice of Removal does not cite the statutory authority for its removal.  It merely states that the Federal Court has jurisdiction over the case "under 28 U.S.C. Section 1331 because it involves violations of religious freedom and violation of 42 U.S.C. Section 1983."  [Notice of Removal at 2.]  Based on this allegation, it appears that Hawaii Nei removed the case 28 U.S.C. § 1441, which states, in pertinent part:

> (a)  Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .
> (b)  Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. . . .

28 U.S.C. § 1441 (a), (b).  Section 1441 is strictly construed against removal and courts resolve any doubts about the propriety of removal in favor of remanding the case to state court.  See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir.

7

2006).  The party seeking to remove the case bears the burden of

establishing the existence of federal jurisdiction.  <u>See</u>

<u>California ex rel. Lockyer v. Dynegy, Inc.</u>, 375 F.3d 831, 838

(9th Cir. 2004), <u>cert. denied</u>, 544 U.S. 974 (2005).  In addition,

Hawaii Nei must also meet the procedural requirements of 28

U.S.C. § 1446.

    **A.**    <u>**Procedural Requirements**</u>

        **1.**    <u>**Timeliness of Removal**</u>

Section 1446(b) provides, in pertinent part:

> The notice of removal of a civil action or
> proceeding shall be filed within thirty days after
> the receipt by the defendant, through service or
> otherwise, of a copy of the initial pleading
> setting forth the claim for relief upon which such
> action or proceeding is based, or within thirty
> days after the service of summons upon the
> defendant if such initial pleading has then been
> filed in court and is not required to be served on
> the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).  Countrywide served the Complaint on Hawaii

Nei on April 3, 2006.  Hawaii Nei did not file the Notice of

Removal until May 5, 2006, thirty-two days after it received the

Complaint.  An untimely removal is a procedural, not a

jurisdictional, defect.  <u>See</u> <u>Maniar v. F.D.I.C.</u>, 979 F.2d 782,

784 (9th Cir. 1992).  The Motion is a timely request for remand

based on the procedural defect.  <u>See</u> 28 U.S.C. § 1447(c) ("A

motion to remand the case on the basis of any defect other than

lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). Since Defendant filed the notice of removal more than thirty days after service of the Complaint, remand to state court is appropriate. <u>See</u> <u>O'Halloran v. Univ. of Wash.</u>, 856 F.2d 1375, 1381 (9th Cir. 1988) (citing 28 U.S.C. § 1446(b)).

### 2. <u>Lack of Consent</u>

The Notice of Removal did not include a consent by either the City or Mr. Schoettle, nor did they subsequently join in the removal. In fact, the City supports remand to state court and joined in the instant Motion. Hawaii Nei's failure to obtain the consent of the other defendants is fatal under § 1446. <u>See</u> <u>Pressman v. Meridian Mortgage Co.</u>, 334 F. Supp. 2d 1236, 1240-41 (D. Hawai`i 2004) (citing <u>Hewitt v. City of Stanton</u>, 798 F.2d 1230, 1232-33 (9th Cir. 1986) ("All defendants must join in a removal petition with the exception of nominal parties . . . .")).

This Court therefore finds that and recommends that the district court grant Countrywide's Motion based on Hawaii Nei's failure to timely file the Notice of Removal and Hawaii Nei's failure to obtain the consent of the other defendants.

**B.** **Federal Jurisdiction**

For the sake of completeness, the Court will address whether the Federal Court has jurisdiction over the instant case. In its Notice of Removal, Hawaii Nei argues that the Federal Court has federal question jurisdiction.  Courts determine whether a federal question exists based on the "well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (citations and internal quotation marks omitted).  A defense is not part of the plaintiff's well pleaded complaint. See id.  A defendant therefore cannot premise removal based on federal question jurisdiction upon a federal defense, "even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Id. (citation and quotation marks omitted). A plaintiff, however, cannot avoid removal by failing to plead necessary federal questions.  A federal court may uphold removal, even where there is no federal question on the face of the complaint, if it concludes that the plaintiff has artfully pleaded his claims in this manner. See id.

10

In the present case, Countrywide's Complaint is based upon state law; it does not allege any federal claims. Hawaii Nei apparently argues that the City's alleged violations of federal law constitute a defense against the foreclosure action. This "defense" is not a part of Countrywide's well-pleaded complaint and there is no indication that Countrywide has improperly omitted federal questions to avoid removal. Hawaii Nei's allegations, therefore, cannot form the basis of federal question jurisdiction.

## II. **Removal Under 28 U.S.C. § 1443(1)**

For the sake of completeness, the Court will also address Mr. Schoettle's argument that Hawaii Nei may have removed the case pursuant to 28 U.S.C. § 1443(1), instead of § 1446. Section 1443 states, in pertinent part:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>      (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]

28 U.S.C. § 1443. Mr. Schoettle argues that § 1443 does not have a thirty-day filing requirement. Mr. Schoettle's argument is misplaced.

11

First, the procedural requirements of § 1446 arguably apply to removals pursuant to § 1443(1).  Section 1446 provides the procedures for removing a case; it does not set out the grounds under which a defendant is entitled to remove a case. See Miller v. Lambeth, 443 F.3d 757, 760 (10th Cir. 2006) ("Mr. Lambeth's removal petition invoked § 1443, stating: 'This case is subject to Removal under U.S.C. Title 28, § 1443 (1, 2) and U.S.C. Title 28, § 1446 (b, d).' (We disregard the reference to § 1446, because that section defines the procedures for removal but does not provide any grounds for removal.)" (citation omitted)).  Unless otherwise specified, the procedural requirements described in § 1446 are generally applicable to all notices of removal.  See § 1446(a) ("A defendant or defendants desiring to remove any civil action or criminal prosecution . . . ." (emphasis added)).  Section 1443 does not expressly remove itself from the procedural requirements of § 1446.  Compare 28 U.S.C. § 1453(b).  Thus, the thirty-day filing period of § 1446(b) would still apply.  Accord Osborne v. Osborne, 554 F. Supp. 566, 567-68 (D. Md. 1982) ("Before reaching 28 U.S.C. § 1443(1), defendant first faces the apparent time bar of 28 U.S.C. § 1446(b)[.]").

There is, however, conflicting case law on the issue whether all defendants must consent to a removal pursuant to § 1443(1).  <u>See</u> <u>Brown v. Florida</u>, 208 F. Supp. 2d 1344, 1349 (S.D. Fla. 2002) (citing conflicting cases).  This Court need not resolve that conflict because, even assuming, *arguendo*, that Hawaii Nei's removal under § 1443(1) was procedurally proper, remand would still be appropriate.

In order to remove a case pursuant to § 1443(1), the defendant's petition must satisfy the two-part test established by <u>Georgia v. Rachel</u>, 384 U.S. 780, 788-92, 794-804 (1966), and <u>City of Greenwood, Miss. v. Peacock</u>, 384 U.S. 808, 824-28 (1966). <u>See</u> <u>Patel v. Del Taco, Inc.</u>, 446 F.3d 996, 998-99 (9th Cir. 2006).  The second part requires an assertion that "the state courts will not enforce [equal racial civil rights], and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights."  <u>Id.</u> at 999 (citing <u>California v. Sandoval</u>, 434 F.2d 635, 636 (9th Cir. 1970)). Hawaii Nei's Notice of Removal does not meet this test.  Thus, even if Hawaii Nei based the removal of this action on § 1443(1), this Court would still find that removal was improper.

13

## <u>CONCLUSION</u>

On the basis of the foregoing, this Court FINDS that the instant case was improperly removed and RECOMMENDS that Countrywide's Motion to Remand Case, filed on May 26, 2006, be GRANTED IN PART AND DENIED IN PART.  This Court recommends that the district court deny the Motion to the extent that it seeks Rule 11 sanctions against Hawaii Nei and its counsel and grant the Motion in all other respects.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, July 25, 2006.



_Leslie E. Kobayashi_
Leslie E. Kobayashi
United States Magistrate Judge

<u>COUNTRYWIDE HOME LOANS, INC. V. CHURCH OF HAWAI`I NEI, ET AL</u>; CIVIL NO. 06-00250 JMS-LEK; FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO REMAND CASE

14