IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| COUNTRYWIDE HOME LOANS, INC., ) | CIVIL NO. 06-00250 JMS/LEK |
| ) | |
| Plaintiff,           ) | |
| ) | |
| vs.                     ) | ORDER ADOPTING |
| ) | MAGISTRATE'S FINDINGS AND |
| CHURCH OF HAWAII NEI; WALTER ) | RECOMMENDATION |
| ROBERT SCHOETTLE; CITY AND  ) | REGARDING PLAINTIFF'S |
| COUNTY OF HONOLULU; JOHN    ) | MOTION TO REMAND CASE |
| DOES 1-10; JANE DOES 1-10; DOE ) | |
| PARTNERSHIPS 1-10; DOE         ) | |
| CORPORATIONS 1-10; DOE ENTITIES) | |
| 1-10; AND DOE GOVERNMENTAL  ) | |
| UNITS 1-10,                     ) | |
| ) | |
| Defendants.      ) | |
| _____ ) | |

ORDER ADOPTING MAGISTRATE'S FINDINGS AND
RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO REMAND
CASE

I. INTRODUCTION

Defendant Church of Hawaii Nei ("Hawaii Nei") objects to Magistrate Judge Leslie E. Kobayashi's Findings and Recommendation ("F&R") Regarding Plaintiff's Motion to Remand Case. Magistrate Judge Kobayashi recommends to this court that the instant case be remanded to state court. She also recommends that the court deny Plaintiff Countrywide Home Loan, Inc.'s ("Countrywide")

motion to the extent that it seeks Rule 11 sanctions against Hawaii Nei or its counsel.

Applying a de novo standard of review, and after having reviewed the files and pleading in this case, the court adopts the Magistrate Judge's F&R in whole.

## II. BACKGROUND

This case arises out of a foreclosure proceeding filed in state court on February 22, 2006. Countrywide served Hawaii Nei with its Complaint on April 3, 2006; Hawaii Nei removed the case to federal court on May 5, 2006. Hawaii Nei contends that the court has jurisdiction over the instant action because the foreclosure violated its rights under the Religious Freedom Restoration Act as well as other federal statutes. On May 26, 2006, Countrywide filed its Motion to Remand Case in which it argued that Hawaii Nei improperly removed this case to federal court and requested Rule 11 sanctions against Hawaii Nei and its counsel because of the improper removal.

On July 25, 2006, Magistrate Judge Kobayashi entered an F&R recommending that the case be remanded to state court and that Countrywide's motion for Rule 11 sanctions be denied. The F&R reasoned that the Notice of Removal was procedurally deficient in two respects. First, the Notice of Removal was untimely under 28 U.S.C. § 1446(b), which provides that a notice of removal

must be filed within 30 days of receipt by the defendant of the complaint.  Second, all of the Defendants did not consent to removal.  The F&R also concluded that the court lacks jurisdiction over the instant action because the state-court complaint was based entirely on state law and Hawaii Nei's federal defense was insufficient to allow removal.  Though Countrywide argued that Hawaii's Nei's failure to articulate a factual basis for removal constitutes a violation of Rule 11, the F&R did not recommend entering sanctions because Rule 11(c)(1)(A) requires that a motion for Rule 11 sanctions should be filed separately from other motions.

On August 9, 2006, Hawaii Nei timely objected to the F&R; Countrywide has not objected to the recommendation that Rule 11 sanctions not be imposed.

### III.  STANDARD OF REVIEW

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made.  *United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."); 28 U.S.C. § 636(b)(1).  The district court "may accept, reject, or modify, in whole or in part,

the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  De novo review means the court must consider the matter anew, as if it had not been heard before and as if no decision previously had been rendered. *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988).  The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects.  *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989).

## IV.  ANALYSIS

Applying a de novo standard of review, the court adopts Magistrate Judge Kobayahi's thoughtful, thorough, and reasoned F&R.  Hawaii Nei's objections fail to address either of the two procedural deficiencies that formed the primary basis of the F&R; Hawaii Nei does not argue that its Notice of Removal was timely or that it obtained the necessary consent of the other Defendants. Rather, Hawaii Nei simply reiterates that it has brought federal defenses and contends that it is therefore entitled to relief in federal court.  As thoroughly explained in the F&R, however, the presence of a defense raising a federal question is insufficient to establish federal question jurisdiction allowing removal. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (9187) ("[A] *defendant* cannot,

4

merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated.").

An independent review of the F&R, along with the pleadings in this case, leads this court to a firm determination that Magistrate Judge Kobayashi's F&R is correct in all respects.

## V.  CONCLUSION

For the reasons discussed therein, the court adopts the F&R and remands this action to the First Circuit Court of the State of Hawaii.  This ruling renders moot all pending motions and those motions are therefore denied.  The

//
//
//
//
//
//
//
//
//

Clerk of the Court is directed to close this case file and to send a certified copy of this Order and the F&R to the Clerk of the Court of the First Circuit, State of Hawaii, pursuant to 28 U.S.C. § 1447.

        IT IS SO ORDERED.

        Dated: Honolulu, Hawaii, August 17, 2006.



                              J. Michael Seabright
                              United States District Judge

*Countrywide Home Loans, Inc. v. Church of Hawaii Nei, et al.*, Civ. No. 06-00250 JMS/LEK, Order Adopting Magistrate's Findings and Recommendation Regarding Plaintiff's Motion to Remand Case